**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDUARDO GALVAN,** *On his own behalf and*
*others similarly situated,* **and ISMAEL**
**GALVAN,**

                    **Plaintiffs,**

**-vs-**                                           **Case No.  6:06-cv-730-Orl-22JGG**

**LE BUI, INC., d/b/a:  Takeya Japanese**
**Steak House and Sushi Bar,**

                    **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 48)** |
| **FILED:** | **March 29, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    Plaintiffs, Eduardo Galvan and Ismael Galvan, and Defendant, Le Bui, Inc. D/b/a Takey

Japanese Steakhouse and Sushi Bar, jointly move the Court to approve their settlement of Plaintiffs'

claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.

    The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v.*

*United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), and finds the settlement

is a fair and reasonable resolution of a bona fide dispute.  The case involved disputed issues of FLSA

compliance, which constitutes a bona fide dispute.  Each party was represented by independent counsel, who were obligated to vigorously represent their client.  Eduardo Galvan will receive $7,500, which he states pays him in full on his claim with no compromise.  Docket 48 at 3. Similarly, Ismael Galvan also states that his claim is being paid in full, and that he will receive $1,500.  *Id*.

Defendant also agrees to pay Plaintiffs' counsel $1,500 for costs and $9,300 in fees.  Docket 48 at 3.  The hourly rate charged by Plaintiffs' counsel is $200 per hour.  *Id*.  Based on the Court's experience in addressing FLSA cases, the total fee charged by Plaintiffs' counsel is not unreasonable from the face of the motion.

The Court, therefore, **RECOMMENDS**, that:

1.      The parties' joint motion be granted and the settlement be approved; and

2.      The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 9, 2007.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE